# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JORDAN H. REID, JR,**
        Petitioner,

    v.                                     Case No. 08-C-0917

**JEFFREY P. RADCLIFFE,**[1] **Superintendent,**
**Marshall E. Sherrer Correctional Center,**
        Respondent.

## ORDER

On October 28, 2008, Jordan H. Reid, Jr. filed this petition pursuant to 28 U.S.C. § 2254, asserting that a Wisconsin court revoked his extended supervision (i.e., parole) and reconfined him in violation of the Constitution. Petitioner was originally convicted in Milwaukee County Circuit Court of abuse of a vulnerable adult on November 27, 2001. He was sentenced to twenty-four years of initial confinement and thirty-six months of extended supervision. His extended supervision was revoked at a reconfinement hearing held on August 29, 2007, and he is currently confined at the Marshall E. Sherrer Correctional Center.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

---

[1] Pursuant to Rule 2 of the Rules Governing § 2254 Cases, I have amended the caption of this case to name as respondent the state officer who has custody of the petitioner.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner has asserted three grounds for habeas relief.[2] His first ground is that the court ordered an excessive period of reconfinement. Although an excessive prison sentence can be deemed an Eighth Amendment violation and form the basis of a habeas petition, see Solem v. Helm, 463 U.S. 277 (1983), I am not sure that "excessive reconfinement" is a cognizable habeas claim. However, this claim is colorable enough to survive the Rule 4 stage, and I will defer ruling on whether it is cognizable until after I hear from respondent. Petitioner's second ground for relief is that the lawyer representing him during the revocation proceedings was ineffective. Parolees generally have the right to effective assistance of counsel during revocation proceedings, Gagnon v. Scarpelli, 411 U.S. 778 (1973), and thus this is a colorable claim. Petitioner's third ground for relief is that the trial court, in determining the period of petitioner's reconfinement, relied on false information. Although judges generally have wide, almost unlimited discretion to determine what facts and circumstances are relevant to sentencing a criminal defendant within the statutory range, a sentence based on certain kinds of false information can violate the Constitution. See United States v. Tucker, 404 U.S. 443, 446-47 (1972); Williams v. New York, 337 U.S. 241, 246-52 (1949). See also United States v. Grayson, 438 U.S. 41, 49-52 (1978). Therefore, petitioner's third claim is colorable.

---

[2]In completing his petition, petitioner identified a fourth ground, but as I will discuss, the fourth ground is more of an explanation of his failure to exhaust state remedies than a separate basis for relief.

Turning to the question of exhaustion, the petition clearly reveals that petitioner has not exhausted his state remedies. Rather, his appeal to the state court of appeals is still pending. Petitioner appears to explain his reasons for filing a habeas petition before exhausting his state remedies in "ground four" of the petition – namely, that his period of reconfinement will expire on September 11, 2009, and that the state appellate process will likely not be concluded before then. In other words, petitioner contends that he will have no meaningful habeas remedy if he cannot file a habeas petition until after he exhausts his state remedies because his release will moot his habeas petition before the conclusion of the state appellate process. Notably, however, petitioner does not allege that the state courts are unduly delaying the appellate process, which could justify his failure to exhaust state remedies. See Haas v. Jenkins, No. 07C480, 2008 WL 283056 (E.D. Wis. Jan. 31, 2008). Rather, it appears that the risk of mootness stems solely from petitioner's relatively short sentence. And as the Tenth Circuit has noted, when a prisoner is serving a short sentence, "even a reasonable delay in the appellate process may cause the prisoner to be released before his appeal can be decided." Harris v. Champion, 938 F.2d 1062, 1067 (10th Cir. 1991).

Nonetheless, because failure to exhaust state remedies is an affirmative defense that a petitioner need not anticipate, see Rule 5(b), Rules Governing § 2254 Cases; Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 919 (2007); Day v. McDonough, 547 U.S. 198, 205 (2006), I find that it would be inappropriate to summarily dismiss his petition before respondent has appeared and petitioner has had a chance to address the exhaustion defense, should respondent raise it. **THEREFORE, IT IS ORDERED** that within thirty (30)

days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

4

Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Jeffrey Radcliffe and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 3 day of November, 2008.

/s_____
LYNN ADELMAN
District Judge